IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Center for Legal Reform, a Nevada Non-Profit Corporation as Successor-in-Interest to Resolution Settlement Corporation, a former Nevada Corporation,<br><br>       Plaintiff,<br><br>vs.<br><br>John Rakowsky,<br><br>       Defendant. | C/A No. 3:14-cv-01674-JFA<br><br><br><br>**ORDER** |

## I.    INTRODUCTION

This matter comes before the Court on defendant, John Rakowsky's ("Defendant"), Motion for Judgment on the Pleadings against Center for Legal Reform ("Plaintiff") pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (ECF No. 31).  Plaintiff filed a Response to the motion (ECF No. 51), and Defendant filed a Reply. (ECF No. 53).  The Court granted the Plaintiff's request for leave of court to file a Surreply. (ECF No. 62). After full briefing on this motion, the Court heard oral arguments on November 10, 2014.[1]

For the reasons discussed below, the Court grants Defendant's motion for judgment on the pleadings.

---

[1] The Court notes that Plaintiff filed a Motion for Supplemental Relief for Purpose of Placing Additional Material on the Court Record Pertaining to the Hearing Held November 10, 2014.  (ECF No. 66).  This Motion was filed after the hearing concluded and without leave of court.  Many of the arguments advanced by Plaintiff in the motion are analogous to those already made in Plaintiff's briefs filed in opposition to Defendant's motion and/or were raised during oral argument at the hearing.

## II.    BACKGROUND FACTS

This case arises out a contract that was executed on June 5, 2005, between Resolution Settlement Corporation ("RSC"), South Holdings, and James Spencer, wherein RSC agreed to pay $25,000 to Southern Holdings and James Spencer (collectively "Borrowers") to fund litigation instituted by Borrowers in South Carolina ("Agreement").

Defendant served as counsel for the Borrowers in the South Carolina litigation,[2] for which the funding was sought from RSC.  Plaintiff's complaint, as currently written, alleges causes of action for breach of contract, breach of implied covenant of good faith and fair dealing, intentional misrepresentation, and conversion of property as it relates to the contract with and funds provided by RSC.

Defendant has now moved for judgment on the pleadings on three primary grounds: (1) Plaintiff lacks the requisite standing to bring this suit; (2) Plaintiff's complaint is barred by the statute of limitations; and (3) Plaintiff's causes of action are barred because Defendant was not a party to the contract with RSC. Because standing presents a threshold matter, the Court will address it fist.

## III.    STANDING

Standing refers to the determination of whether a litigant is entitled to have the court decide the merits of the dispute.  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  A challenge to a particular party's standing is permissible at any time because "[s]tanding represents a jurisdictional requirement which remains open to review at all stages of the litigation." *Lott v. Scottsdale Ins. Co.*, 811 F. Supp. 2d 1224, 1232 (E.D. Va. 2011) (citing *Nat'l Org. for Women v. Scheidler,* 510 U.S. 249, 255 (1994)).

---

[2] *See Southern Holdings, et al. v. Horry County, et al.*, Civil Action No: 4:02-cv-1859.  This action was filed on May 29, 2002, in the United States District Court for the District of South Carolina, Florence Division.

An analysis of standing requires the Court to ascertain whether the plaintiff is the proper party the litigation. *State of W.Va. v. Morgan Stanley & Co. Inc.*, 747 F. Supp. 332, 340 (S.D.W. Va. 1990) ("Questions of standing involve a determination of whether the plaintiff is the proper party to assert a claim under the applicable substantive law."). Rule 17 of the Federal Rules of Civil Procedure dictates, "an action must be prosecuted in the name of the real party in interest." "The purpose of this rule is to enable the defendant to present his defenses against the proper persons, to avoid subsequent suits, and to proceed to finality of judgment. The question is one of procedure and not substantive law. The real test is whether the named plaintiffs have a right under the substantive law to maintain the action." *Rackley v. Bd. of Trustees of Orangeburg Reg'l Hosp.*, 35 F.R.D. 516, 517 (E.D.S.C. 1964).

The fundamental question in the case before this Court is whether Plaintiff is the real party in interest. The contract in the *Southern Holdings* case was entered into between RSC, South Holdings, and James Spencer. Therefore, any claims seeking to enforce the Agreement or recover damages for the breach of the Agreement's provisions would only be properly brought by one of the parties to the contract or its privy. "South Carolina contract law carries a presumption that an individual who is not a party to a contract lacks privity to enforce it." *Trancik v. USAA Ins. Co.*, 354 S.C. 549, 553-54, 581 S.E.2d 858, 861 (Ct. App. 2003) (citing *Touchberry v. City of Florence,* 295 S.C. 47, 48-49, 367 S.E.2d 149, 150 (1988)). "Generally, one not in privity of contract with another cannot maintain an action against him in breach of contract." *Windsor Green Owners Ass'n, Inc. v. Allied Signal, Inc.*, 362 S.C. 12, 17, 605 S.E.2d 750, 752 (Ct. App. 2004).

There is no evidence in the record before this Court demonstrating Plaintiff is the proper party to enforce the Agreement or recover damages for its breach. Plaintiff has merely alleged in

its complaint and asserted in its memos that it is the successor-in-interest to RSC. However, the record is devoid of any other documentation or evidence that supports this bald assertion. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, (1990) *holding modified by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004) ("It is a long-settled principle that standing cannot be inferred argumentatively from averments in the pleadings, but rather must affirmatively appear in the record.") (internal quotation marks and citations omitted).

Accordingly, the Court is unable to affirmatively state that Plaintiff is the true party in interest, and, therefore, finds that the Plaintiff lacks standing to bring this suit against the Defendant.[3]

Even though the Court has found lack of adequate standing by the Plaintiff to bring this action, the Court will address the two remaining grounds asserted by Defendant for judgment on the pleadings below.

## IV.    LEGAL STANDARD

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings under Rule 12(c) as the same as that used for a motion for failure to state a claim under Rule 12(b)(6). *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002)

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). However, "[t]o survive a

---

[3] Even the argument advanced by Plaintiff in its Motion for Supplemental Relief for Purpose of Placing Additional Material on the Court Record does not contain any substantive information that would assist the Court in determining whether Plaintiff is the real party in interest. Plaintiff only states that Defendant's argument that "Center for Legal Reform is not the successor-in-interest to Resolution Settlement Corporation is baseless." (ECF No. 66, p. 4).

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, a plaintiff must assert claims that cross "the line from conceivable to plausible." *Id.* at 1950–51 (internal quotation omitted).

## IV.    DISCUSSION

Defendants have argued that two additional grounds exist for granting their motion for judgment on the pleadings. Specifically, they maintain Plaintiff's claims are barred by the South Carolina statute of limitations, and Plaintiff's claims are barred because Defendant was not a party to the Agreement at issue.

### A.    *Statute of Limitations*

As an initial matter, Plaintiff has argued in opposition to Defendant's motion that Nevada law should apply because this case was transferred via change of venue from the Nevada District Court.[4]   While the Court agrees that following a § 1404(a) transfer of venue, the choice of law rules of the transferor court apply, the Court disagrees that a review of Nevada choice of law principles requires the application of Nevada law to Plaintiff's claims. Nevada adheres to the "most significant relationship" test for torts, as set forth in § 145 of the Second Restatement of Conflict of Laws. *Vignola v. Gilman*, 854 F.Supp.2d 883, 886 (D. Nev. 2012). In evaluating the relevant factors contained in § 6, the Court must also consider the following contacts

---

[4] During the hearing on November 10, 2014, Plaintiff's counsel seemed to concede that South Carolina law applies to the claims in this case; however, in an effort to thoroughly address the arguments presented by the parties, the Court will analyze the applicable law based on the transfer of venue.

according to their relative importance: (a) place of injury, (b) place where conduct causing the injury occurred, (c) domicile, residence, place of incorporation, and place of business of the parties, and (d) place where relationship between the parties is concerned.

Here, the tortious conduct alleged by Plaintiff occurred in South Carolina. The epicenter of Plaintiff's allegations is rooted in the *Southern Holdings* case, as it relates to the injuries purportedly suffered, the acts committed by Defendant, and the relationship between the parties. The *Southern Holdings* case was filed and litigated in South Carolina. Additionally, the interpleader action that forms part of the basis of Plaintiff's allegations in this suit, is also a South Carolina proceeding. As such, the Court finds Plaintiff's tort-based causes of action are governed by South Carolina law.

In cases involving contract disputes, Nevada employs the "substantial relationship test." *Vignola* at 887. This test looks to determine which state has a substantial relationship to the contract, including the evaluation of: (a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation, and place of business of the parties. *Id*. Further, local law applies to claims based on fraud or misrepresentation, unless "some other states has a more significant relationship under the principles stated in § 6 to the occurrence or the parties." Restatement (Second) of Conflict of Laws § 148 (1971).

In this case, it is clear the Agreement was a South Carolina contract to be performed in South Carolina. The subject matter of the Agreement was a then-pending case in South Carolina. Further, other litigation arising from this Agreement has been instituted in South Carolina. Plaintiff's claims of misrepresentation are also tied to South Carolina, as this is where the

misrepresentations allegedly took place.  Therefore, the Court finds that Plaintiff's contract claims and claims of misrepresentation are governed by South Carolina law.

As South Carolina substantive law applies to this case, the South Carolina statute of limitations also applies to Plaintiff's claims.  Plaintiff's claims for breach of contract, bad faith, intentional misrepresentation, and conversion are all subject to a three year statute of limitations. S.C. Code Ann. § 15-3-530 (2005).  In determining when the statute of limitations begins to run, South Carolina follows the discovery rule.

> According to the discovery rule, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered. The statute runs from the date the injured party either knows or should have known by the exercise of reasonable diligence that a cause of action arises from the wrongful conduct.  The date on which discovery of the cause of action should have been made is an objective, rather than subjective, question.  In other words, whether the particular plaintiff actually knew he had a claim is not the test. Rather, courts must decide whether the circumstances of the case would put a person of common knowledge and experience on notice that some right of his has been invaded, or that some claim against another party might exist.

*Bayle v. S. Carolina Dep't of Transp.*, 344 S.C. 115, 123, 542 S.E.2d 736, 740 (Ct. App. 2001) (internal quotation marks and citations omitted).

Plaintiff's complaint alleges that RSC "had concern about the actions of Defendant" in the fall of 2006.  (ECF No. 1, ¶¶ 18, 19).  Plaintiff was aware of the settlement of the *Southern Holdings* case by 2008.  (Id.) Plaintiff further alleges that Defendant breached his contractual obligations in August 2008. (Id. at ¶ 36).  However, Plaintiff did not file suit against Defendant until December of 2012, well over four years later.

Plaintiff has attempted to advance the continuing tort doctrine as a means of tolling the statute in this case; however, this argument is unavailing.  South Carolina has adopted the doctrine of continuing tort in limited situations involving nuisance actions, thereby allowing litigants to recover all damages for the continuing nuisance.  *See Silvester v. Spring Valley*

*Country Club*, 344 S.C. 280, 287, 543 S.E.2d 563, 567 (Ct.App. 2001) (citing *Sutton v. Catawaba Power Co.*, 104 S.C. 405. 408, 89 S.E. 353, 353 (1916)).  However, South Carolina courts have clearly declined to adopt the continuing tort rule in other instances.  Harrison v. Bevilacqua, 354 S.C. 129, 141, 580 S.E.2d 109, 115 (2003) ("We decline to adopt the continuous treatment rule or the doctrine of continuing tort."); Epstein v. Brown, 363 S.C. 372, 380, 610 S.E.2d 816, 820 (2005) ("we decline to adopt the continuous representation rule.").  Plaintiff has failed to point to the Court to any binding case law that establishes the doctrine's use by South Carolina courts in factual scenarios similar to those presented in this case.

Therefore, the Court finds that Plaintiff's claims are barred by the South Carolina statute of limitations.

### B.       *Defendant is Not a Party to the Agreement*

Defendant has also argued in support of his motion for judgment on the pleadings, that he is not a party to the Agreement, and as such, cannot be held liable under Plaintiff's theories of liability.  It is axiomatic that in order to be held liable for breach of contract, Defendant must be a party to that contract.  "An individual who is not a party to a contract generally cannot be liable for its breach." *Trancik v. USAA Ins. Co.*, 354 S.C. 549, 553-54, 581 S.E.2d 858, 861 (Ct. App. 2003) (citing *Holder v. Haskett,* 283 S.C. 247, 251, 321 S.E.2d 192, 194 (Ct.App.1984)).  Despite the many briefs filed in response to this motion, Plaintiff failed to address this fundamental flaw in its case.

Accordingly, the Court concludes that Plaintiff's claims fail because the Defendant is not a party to the applicable Agreement upon which Plaintiff's causes of action lie.

### C.    Plaintiff's Motion for Leave to File Amended Complaint

In conjunction with its response to Defendant's motion for judgment on the pleadings, Plaintiff filed a motion for leave to file an amended complaint. (ECF No. 49). Plaintiff states an amended complaint is warranted in this action because it has identified "new defendants" and seeks to "update [its] causes of action." (ECF No. 49). In opposition, Defendant maintains Plaintiff's proposed amendment is untimely, futile, and prejudicial.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, after a responsive pleading has been filed, a party may amend its pleadings only by leave of court. *United States v. Godwin*, 247 F.R.D. 503, 505 (E.D.N.C. 2007). The rule proscribes that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts have interpreted this rule to mean that amendments are often granted absent bad faith, undue prejudice to the opposing party, or futility of amendment. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000); *Foman v. Davis,* 371 U.S. 178, 182 (1962). However, the request to amend is still subject to judicial review and is not a guaranteed certainty. *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.1980); *see also Perkins v. Silverstein,* 939 F.2d 463, 471–72 (7th Cir.1991) (plaintiff's right to amend as a matter of course is not absolute); *Forstmann v. Culp*, 114 F.R.D. 83, 86 (M.D.N.C. 1987) ("The requirement of judicial approval suggests that there are instances where leave should not be granted.").

Rule 15 also allows for the relation back of amended pleadings to the date of filing of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." However, "[w]here the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citing

*Keller v. Prince George's County,* 923 F.2d 30, 33 (4th Cir.1991); *Jablonski v. Pan Am. World Airways, Inc.,* 863 F.2d 289, 292 (3d Cir.1988)).

The Court finds that futility of amendment bars the filing of an amended complaint in this action because even if Plaintiff's newly asserted claims related back to the original date of filing of this case, the claims would still fail based on the statute of limitations.  Accordingly, the Court denies Plaintiff's motion for leave to file an amended complaint.

### V.     CONCLUSION

Based on the record before the Court, the briefs filed by the parties, and the arguments of counsel, the Court hereby **GRANTS** Defendant's motion for judgment on the pleadings and **DENIES** Plaintiff's motion for leave to file an amended complaint.

IT IS SO ORDERED.

November 14, 2014                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge